Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6043 | **DATE** | January 20, 2004 |
| **CASE TITLE** | *Woolner v. Flair* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☐ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, Defendant Flair's Motion for Leave to File an Amended Answer and Counterclaim [28-1] is GRANTED.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 2 2 2004 | |
| | Notified counsel by telephone. | date docketed | 36 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

PAUL WOOLNER AND SUSAN WOOLNER, )
)
) Case No. 01 C 6043
Plaintiffs, )
v. ) Judge Blanche M. Manning
)
FLAIR COMMUNICATIONS AGENCY, INC., )
AND LEE F. FLAHERTY, )
)
Defendants. )

**DOCKETED**

**JAN 2 2 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiffs Paul Woolner and Susan Woolner (collectively, "the Woolners") brought this action against their former employer, Defendants Flair Communications Agency, Inc. ("Flair") and Lee Flaherty, alleging employment discrimination and retaliation based on age (in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.) and sex (in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.). The present matter comes before this Court on Defendants' Motion for Leave to File First Amended Answer and Counterclaim. For the reasons set forth herein, the Court GRANTS this motion.

## BACKGROUND[1]

The Woolners brought this action after Defendants terminated their employment for alleged deficiencies in their job performance. Defendants filed their initial answer on March 25, 2002. After conducting discovery, on August 15, 2003, Defendants brought the instant motion

---

[1] The facts in the Background section are derived from the parties' submissions. The Court notes that the Woolners have not contested the validity of the facts surrounding the bringing of the counterclaim and the affirmative defense, which Defendants seek to add. Therefore, for the purposes of this motion, the Court will construe these facts as true.

36

seeking to add an additional affirmative defense (No. 6) and a counterclaim for breach of fiduciary duty. Affirmative Defense No. 6 states that:

> Pursuant to the after acquired evidence doctrine, Susan Woolner and Paul Woolner are barred from receipt of any back pay or other damages based on a breach of their fiduciary duties and engaging in prohibited activity and/or receiving income from such activity while in the employment of Flair Communications. Susan Woolner engaged in those activities and/or received compensation from those activities. Paul Woolner was aware of such activities and/or received income as a result of those prohibited activities by Susan Woolner.

Similarly, the counterclaim alleges that while working "as a member of management" for Flair, Susan Woolner breached her fiduciary duty to Flair by "engag[ing] in competitive and other activity for an entity other than Flair." Paul Woolner, who was also a manager at Flair, knew of these activities and profited from them, and thereby, likewise breached his fiduciary duty to Flair. As a result of the alleged breach of fiduciary duties, Flair seeks forfeiture of compensation which it paid to the Woolners during the time of the breach.

Defendants contend that the reason for their delay in asserting the additional affirmative defense and the counterclaim was that they were not aware of Susan Woolner's outside employment activities when their initial answer was filed. According to Defendants, the Woolners were terminated for poor job performance, and they did not learn of the alleged outside employment until discovery was well under way. Therefore, Defendants contend that they could not have brought Affirmative Defense No. 6 or the Counterclaim at the time they filed their initial answer and affirmative defenses.

Moreover, even after discovery commenced, Defendants contend that they were not certain of the facts surrounding the Woolners' breach of fiduciary duty until August 2003, the month they filed the instant motion. At her deposition on November 18, 2002, Susan Woolner

-2-

denied engaging in any competitive business with Flair or performing outside work. After learning that the Woolners had an ownership interest in a company called M.W. Design, Inc. ("M.W."), Defendants served discovery requests seeking all documents pertaining to M.W. The Woolners, however, repeatedly failed to produce the responsive documents until nearly ten months later. To date only partial records have been produced and the income tax records from M.W. were not produced in printable fashion until August 1, 2003. Not until the Woolners finally produced M.W.'s tax returns did Defendants learn that the Woolners had received more than $43,000 in income for freelance business while employed by Flair.

Additionally, Defendants received documents subpoenaed from a non-Flair client confirming that Susan Woolner, contrary to her testimony, scheduled "photo shoots" on Flair workdays and invited non-Flair clients to call her at Flair to discuss business affairs for the personal benefit of the Woolners and M.W.

## ANALYSIS

The Woolners object to the filing of both the counterclaim and Affirmative Defense No. 6. The Court will discuss both of these objections in turn.

### I. Counterclaim for Breach of Fiduciary Duty

The Woolners contend that the Counterclaim is improper because it is: (A) permissive and "lacks the required jurisdictional basis"; and (B) barred by the statute of limitations.

#### A. Counterclaims Under Rule 13

The Federal Rules of Civil Procedure provide for two types of counterclaims - permissive and compulsory. For purposes of this case, it is important to note that a federal court has supplemental jurisdiction over compulsory counterclaims, governed by Rule 13(a); however,

permissive counterclaims, governed by Rule 13(b), require an independent jurisdictional basis. Unique Concepts, Inc. v. Manuel, 930 F.2d 573, 574-75 (7th Cir. 1991).

The Woolners contend that the instant counterclaim is permissive, and because it does not have an independent jurisdictional basis (i.e., diversity or federal question), it is improper. The Court agrees that because the counterclaim is a state law breach of fiduciary duty claim between citizens of the same state, that this Court does not have an independent basis of federal jurisdiction. Therefore, Defendants may bring the instant counterclaim only if it is compulsory as defined by Rule 13(a).

To be a compulsory counterclaim, "Rule 13(a) requires that the claim (1) exist at the time of pleading, (2) arise out of the same transaction or occurrence as the opposing party's claim, and (3) not require for adjudication parties over whom the court may not acquire jurisdiction." Burlington Northern R. Co. v. Strong, 907 F.2d 707, 710-11 (7th Cir. 1990).[2] Here, the only disputed element is whether the breach of fiduciary counterclaim arose out of the same transaction/occurrence as the Woolners' employment discrimination claim.

In interpreting Rule 13(a)'s "same transaction or occurrence" requirement, the Seventh Circuit in Strong, 907 F.2d at 711, developed a "logical relationship" test. The court noted that:

> [c]ourts generally have agreed that the words 'transaction or occurrence' should be interpreted liberally in order to further the general policies of the federal rules and carry out the philosophy of Rule 13(a) . . . . As a word of flexible meaning, 'transaction' may comprehend a series of many occurrences, depending not so much upon the immediateness of their

---

[2] Although a compulsory counterclaim is generally waived if not brought in the initial pleading, Strong, 907 F.2d at 710, the Woolners do not contest Defendants assertion that this counterclaim is proper under Rule 13(e), which states that "[a] claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by a supplemental pleading."

> connection as upon their *logical relationship*. . . . [A] counterclaim that
> has its roots in separate transaction or occurrence is permissive and is
> governed by Rule 13(b).

Id. (emphasis in original). Despite this "liberal construction," however, the court stated that all factual allegations underlying each claim must be carefully examined to determine if the logical relationship test is met. Id. In determining whether claims are logically related, a court should consider "the totality of the claims, including the nature of the claims, legal basis for recovery, the law involved and the respective factual backgrounds." Id.

Here, the underlying claim alleges that Defendants unlawfully terminated the Woolners from their employment based on age and gender. Defendants contend that the breach of fiduciary counterclaim is logically related to the discrimination claim because their defense is that the Woolners were not fired based on any discriminatory animus but because of poor work performance. According to Defendants, the Woolners' poor work performance can be proved and explained by the fact that they performed non-Flair business during work hours and thus were not doing the jobs they were paid to do.

Defendants' reliance on the non-discriminatory defense is consistent with the law. Under the method set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973), if the Woolners establish a prima facie case, Defendants then have the burden to articulate a legitimate, non-discriminatory reason for its actions. If Defendants meet this burden, then the Woolners must show that the proffered reason is false or pretextual. Id. at 804-05.

This Court thus finds that the breach of fiduciary counterclaim is logically related to the underlying discrimination claim and that evidence of the breach will be relevant to the disposition of this case. Therefore, the Court holds that the counterclaim is compulsory under

Rule 13(a) and that this Court can exercise supplemental jurisdiction over it.

### B. Statute of Limitations

The Woolners also contend that the breach of fiduciary counterclaim is improper because it is barred by the statute of limitations. Under Illinois law, the statute of limitations for a breach of fiduciary duty claim is five years. Armstrong v. Guigler, 673 N.E.2d 290 (Ill. 1996). Under the "discovery rule," however, the statute of limitations does not begin to run until the plaintiff knew or reasonably should have known of its injury and the alleged wrongful conduct. Hermitage Corp. v. Contractors Adjustment Co., 651 N.E.2d 1132, 1135 (Ill. 1995). Moreover, the limitations period is tolled where a party cannot obtain information necessary to file suit. Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003).

Here, as explained in detail above, Defendants did not learn of and/or have sufficient information to file suit for the alleged breach of fiduciary duty until August of 2003. Despite Defendants repeated discovery requests, beginning in November of 2002, it was not until August 2003 that Woolners finally produced the tax returns from M.W., which showed that the Woolners received in excess of $43,000 in outside income while working for Defendants. Therefore, this Court finds that the five year statute of limitations does not bar Defendants counterclaim for breach of fiduciary duty.

### II. Affirmative Defense No. 6

The Woolners also contend that because the after-acquired evidence doctrine operates to mitigate damages and not bar recovery it is not a proper affirmative defense. This contention is without merit. The after-acquired evidence doctrine is a proper affirmative defense. See Johnson v. City of Elgin, 2001 WL 199506, at *2 (N.D. Ill. Feb. 28, 2001) (denying motion to strike affirmative defense based on the after-acquired evidence doctrine).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Leave to File an Amended Answer and Counterclaim [28-1] is GRANTED.

ENTER:  *Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATED: 1-20-04