# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PAUL WOOLNER AND SUSAN WOOLNER, ) | |
| ) | Case No. 01 C 6043 |
| ) | |
| Plaintiffs, ) | |
| v. ) | Judge Blanche M. Manning |
| ) | |
| FLAIR COMMUNICATIONS AGENCY, INC., ) | |
| AND LEE F. FLAHERTY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Susan Woolner brings this Motion to Alter or Amend this Court's Memorandum and Order of August 26, 2004 ("the Order"), which granted Defendants' Motion for Summary Judgment as to all claims but Ms. Woolner's claim for hostile environment sexual harassment in Count IV.[1] In her complaint, Ms. Woolner alleged hostile environment sexual harassment and retaliation based on sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Count IV) and the IHRA (Count V) and claims for breach of contract and promissory estoppel under Illinois law (Counts III and VI).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits the altering or amending of a judgment. As a general matter, however, Rule 59(e) does not permit a party seeking to alter or amend to merely rehash previously raised arguments. Lewis v. Herman, 783 F. Supp. 1131, 1132 (N.D. Ill.1991). "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150

---

[1]    This Court also entered judgment on Mr. Woolner's claims.

F.3d 729, 732 (7th Cir.1998). Rule 59 does not permit a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996). This "court's orders [are not] 'mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" Thompson v. Perryman, No. 98 C 1596, 1998 WL 786221 (N.D. Ill. Nov. 6, 1998).

To succeed on a motion to reconsider pursuant to Rule 59(e), the moving party must raise either "newly discovered evidence or a manifest error of law or fact." Caisse Nationale de Credit Agricole v. CBI Indus. Inc., 90 F.3d 1264, 1269 (7th Cir.1996); Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir.1995). Whether to grant a Rule 59 motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996).

## ANALYSIS

Ms. Woolner contends that this Court made manifest errors of law and fact in granting summary judgment on her retaliation claim by: (A) rejecting portions of her post-deposition affidavit; (B) holding that she failed to present sufficient evidence that she complained about the alleged harassment; (C) incorrectly construing Filipovic v. K&R Express Sys., Inc., 176 F.3d 390, 398 (7th Cir. 1999), in finding a lack of causal connection; and (D) finding that there was no evidence of similarly situated employees. The Court will address each of these contentions in turn.

## A. Conflicting Post-Deposition Affidavit

It is undisputed that "where a deposition and affidavit are in conflict, the affidavit is to be disregarded" and the court should only consider the deposition, "unless it is demonstrat[ed] that the statement in the deposition was mistaken." Amadio v. Ford Motor Co., 238 F.3d 919, 926 (7th Cir. 2001). Here, Ms. Woolner contends that she presented an "acceptable explanation" of why her deposition testimony was "mistaken" – she was unnerved by the stress of the deposition. While this Court does not dispute that Ms. Woolner was nervous at her deposition, it finds that this is not an "acceptable explanation." If this Court were to hold otherwise, it would essentially vitiate the holding in Amadio because just about any deponent, particularly in a discrimination case, could give the same explanation. Accordingly, this Court finds that it did not make a manifest error of law in declining to consider allegations of harassment which Ms. Woolner did not disclose in her deposition.

## B. The Retaliation Complaint Requirement

Ms. Woolner also contends that this Court erred in holding that she did not present sufficient evidence to show that she actually complained about the alleged harassment. To prevail on a claim for retaliation under either the indirect or direct method, it is "axiomatic" that the plaintiff prove that she actually complained about the alleged harassment. Durkin, 341 F.3d 614-15 ("[a]n employer cannot retaliate if there is nothing for it to retaliate against"). The employee must specifically complain about the sexual harassment – vague and general complaints do not suffice. See id. An employee must do more than complain that "she felt picked on," she must specifically state that the harassment is based on her "sex or gender, which is what Title VII requires." Sitar, 344 F.3d at 727. The reasoning behind this requirement is that

-3-

"[a]n employee can honestly believe that she is the object of [harassment], but if she never mentions it, . . . [the] employer cannot retaliate when it is unaware of any complaints." Id.

Here, Ms. Woolner offers no evidence other than general allegations that she did in fact complain. As explained in the Order, however, this Court holds that, based on the evidence submitted with the parities' Local Rule 56.1 statements, any statements she made about the alleged harassment were too vague to meet the above standards, which require that the employee specifically complain of the harassment. Accordingly, this Court finds that it did not commit a manifest error of law in holding that Ms. Woolner failed to put forth sufficient facts to meet the complaint requirement.

C.      This Court Reliance on Filipovic v. K&R Express Sys., Inc.

Ms. Woolner further contends that this Court erred in relying on Filipovic v. K&R Express Sys., Inc., 176 F.3d 390 (7th Cir. 1999), in holding that a four month gap between her protected activity and the termination of her employment negated a causal connection between the two events. This contention, however, is incorrect. This Court did not make a bright line rule that a four month delay in adverse employment action negates a causal connection. Instead, this Court held that:

> Ms. Woolner testified that her last discussion with Hardwick regarding her problems with Flaherty was in late July or early August of 1998. Flair terminated her employment, allegedly because of this conversation, on December 4, 1998, four months after she allegedly complained to Hardwick. Other than the four month time sequence, which is not close enough in time to infer causation, Ms. Woolner has not put forth any evidence to show that her termination was in any way related to her alleged complaints. Accordingly, this Court finds that the causation requirement is not met.

(Order at 19.) Accordingly, this Court finds that it did not make a manifest error of law in holding that Ms. Woolner failed to put forth sufficient facts to meet the causation requirement.

## D. Similarly Situated Employees

Additionally, Ms. Woolner contends that this Court erred in holding that she failed to present sufficient evidence to show that she was treated differently than "similarly situated" employees. To buttress this argument, Ms. Woolner simply presents the same contentions she made in her brief opposing summary judgment, which this Court rejected. Therefore, this Court will not rehash these same contentions.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Susan Woolner's Motion to Alter

or Amend August 26, 2004 Summary Judgment Order [65-1 and 2]. It is so ordered.

ENTER:

_Blanche M. Manning_
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATED: _1-31-05_